HORI BROS. ET AL. v. UNITED STATES

**No. 4700.**—Entered at Los Angeles, Calif., April 12, 1934, etc. Entry No. 6559, etc.

(Decided January 8, 1940)

*Lawrence & Tuttle (George R. Tuttle* of counsel) for the plaintiffs.

*Webster J. Oliver,* Assistant Attorney General (*Daniel I. Auster,* special attorney) for the defendant.

BROWN, Judge: The appeals to reappraisement listed in schedule A hereto attached and made a part hereof have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That as to the merchandise involved herein marked "A" on the invoices and initialed by Examiner G. R. Gulick, the market value or price at the time of exportation, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit prices, packed.

(2) That at the time of exportation there was no higher foreign value for this merchandise and that the appraisement made under authority of the Presidential proclamation published in T. D. 46158 was not applicable to said merchandise, based upon the decisions in R.D 4444 and 4570.

(3) That the appeals as to all other merchandise not marked with the letter "A" as stated above and contained on the invoices are abandoned; that certain other appeals, as listed below in this paragraph, and relating to assessment of dumping duties on said merchandise as is marked with the letter "A" as specified above, are abandoned, and that upon this stipulation these cases may be submitted.

In harmony with the stipulation, I find that the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise involved herein, marked "A" on the invoices and initialed by Examiner G. R. Gulick, and that such values are the invoiced unit prices, packed.

As to all other merchandise, and also as relating to any findings of value under the Antidumping Act of 1921, I find the values to be the values returned by the appraiser.

Judgment will be rendered accordingly.